# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE Y. ASIMAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 10749 |
| | ) |
| DUALL PRECISION, INC., | ) |
| MERCURY MANUFACTURING CO., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

George Asimah ("Asimah") has just filed a Complaint of Employment Discrimination against Duall Precision, Inc. and Mercury Manufacturing Co., employing the Clerk's-Office-supplied form made available for use by pro se litigants. Asimah has also used two other Clerk's-Office-supplied forms to supplement his Complaint: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). This sua sponte memorandum order is issued to address several questions that are left unanswered by Asimah's submissions.

To begin with the Application, it appears to suggest Asimah's inability to make the required filing fee payment, but some of his entries leave that in doubt. Because he has not provided an answer to Application ¶ 2.b, there is no way to evaluate just when he received the $21,000 in wages that he reports in Application ¶ 4.a as having been received during the past 12 months -- and relatedly and more importantly, nothing in the Application discloses the current condition of his liquid assets (and hence his ability or inability to pay the filing fee). That

nondisclosure is made even more troubling by Asimah's failure to disclose in Complaint ¶ 5 whether he is still employed or is no longer employed by his targeted defendants.[1]

So the short answer on that score is that Asimah must do a better job of furnishing the information essential to this Court's determination of his entitlement or disentitlement to in forma pauperis treatment. For the present, ruling on the Application is simply deferred pending further (and prompt) input from Asimah.

As for the Motion, Asimah has printed the phrase "lack of funds" as the only response to the most important aspect of that form (its paragraph 2), which calls for a representation as to the efforts that a plaintiff has made to seek counsel on his or her own. Under the teaching of our Court of Appeals, such a motion cannot be entertained without a plaintiff's efforts in that respect having been made and described in the motion. So that too must be deferred for the present.

This Court is causing another set of the same three Clerk's-Office-supplied forms to be sent to Asimah with a copy of this memorandum order. Asimah is ordered to complete all of the forms in triplicate so that he can send the original and a copy of each to the Clerk's Office while retaining one for himself. This Court further orders that Asimah's resubmissions be accompanied by copies of (1) the charge he filed with the EEOC and (2) the EEOC's right-to-sue letter that Complaint ¶ 8 states he received on August 31 of this year. If all of those materials are received in the Clerk's Office on or before December 21, 2015 this Court will proceed to

---

[1] Life would also be made more simple if Asimah had complied with Complaint ¶ 7.1(b), which calls for the attachment of a plaintiff's EEOC charge (or the plaintiff's commitment to provide one within 14 days).

evaluate them and determine the posture of the case -- but if not, both the Complaint and this action will have to be dismissed.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Milton I. Shadur
Date: December 4, 2015　　　　　　Senior United States District Judge