# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE Y. ASIMAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 10749 |
| | ) |
| DUALL PRECISION, INC., | ) |
| MERCURY MANUFACTURING CO., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pro se plaintiff George Asimah ("Asimah") has submitted a self-prepared document captioned "Motion To Reinstate and/or Reconsider 'Initial' Complaint" ("Motion"). In it he claims that he did file the forms called for by this Court's December 4, 2015 memorandum order ("Order") by the designated December 21 deadline.

But the post-December-4 entries in the docket do not reflect that. Indeed, this Court's inquiry of its courtroom deputy Carol Wing has provided a quite different account of events from that currently offered by Asimah. Deputy Wing does not confirm Asimah's asserted delivery of the required documents to her shortly before December 21 -- indeed she says that to her recollection Asimah did not have the documents with him when he spoke with her at that time, and she confirms (as Asimah also states in his current Motion) that she simply responded to his inquiry by stating that if he filed the documents with the Clerk's Office by the prescribed December 21 date she would make sure that was reflected in the minute entry.

As it turns out, however, Asimah has been the victim of his own overkill, for the 109 pages (!!) that he submitted when he first entered the federal courthouse door to file his

complaint of employment discrimination had in fact included copies of the EEOC's right-to-sue letter and his Charge of Discrimination.[1] Accordingly this Court (1) grants Asimah's Motion To Reinstate, (2) grants him in forma pauperis status and (3) grants his Motion for Attorney Representation. As for the latter, the following member of this District Court's trial bar is designated to represent Asimah in this action:

> Michael D. Gifford, Esq.
> Howard & Howard Attorneys, PC
> 211 Fulton Street, Suite 600
> Peoria, Illinois 61602
> 309-671-3831
> Email: mdg@h2law.com.

Lastly, this Court is contemporaneously issuing its customary initial scheduling order. Asimah's designated counsel is ordered to make arrangements for the prompt service of process on the defendants, rather than awaiting action by the United States Marshals Service in that respect.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: February 11, 2016

---

[1] Nonlawyer Asimah is understandably unaware of the LR 5.2(f) requirement that a paper copy of every filing must be delivered to the judge assigned to the case. If he had known, he would no doubt have tendered an appropriately brief initial filing (including the right-to-sue letter and the Charge of Discrimination), which would in turn have been duplicated by the Clerk's Office and delivered to this Court -- and a great deal of unnecessary time and effort would have been spared and Asimah's case would have been well along by now.

[2] Counsel is advised that the court funds available to reimburse out-of-pocket expenses in situations such as this include the cost of service of process.